Concurring Opinion by Graeff, J.
Graeff, J.
I concur in the judgment only. I agree with much of the Majority Opinion, i.e., that the police had reasonable suspicion to detain appellant, and even if they did not and the initial detention was unlawful, suppression of the evidence obtained was not warranted because the discovery of the arrest warrant purged the taint of any illegal detention. I write separately because, although I agree that the judgment should be reversed, I respectfully do not agree with the conclusion that the independent source doctrine applies in this case.
As the Majority notes, there are three methods of “purging the taint” of unlawful police conduct that provide exceptions to the exclusionary rule:
First, the independent source doctrine allows trial courts to admit evidence obtained in an unlawful search if officers independently acquired it from a separate, independent *679 source. See Murray v. United States, 487 U.S. 533, 537, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Second, the inevitable discovery doctrine allows for the admission of evidence that would have been discovered even without the unconstitutional source. See Nix v. Williams, 467 U.S. 431, 443-444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). Third, ... is the attenuation doctrine: Evidence is admissible when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so that “the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.” Hudson[ v. Michigan, 547 U.S. 586, 593, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006)].
Utah v. Strieff, — U.S. -, 136 S.Ct. 2056, 2061, 195 L.Ed.2d 400 (2016) (parallel citations omitted). Accord Cox v. State, 421 Md. 630, 652, 28 A.3d 687 (2011); Williams v. State, 372 Md. 386, 409, 813 A.2d 231 (2002). “These exceptions aim to balance the interests of society in deterring unlawful police conduct with the interest of ensuring juries receive all probative evidence of a crime.” Williams, 372 Md. at 410, 813 A.2d 231.
I am not persuaded that the independent source doctrine applies to the circumstances of this case. That doctrine applies when the evidence seized is independent of the initial illegality. See Segura v. United States, 468 U.S. 796, 814, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) (although police unlawfully entered apartment, evidence seized in subsequent search pursuant to a warrant was admissible because “[n]one of the information on which the warrant was secured was derived from or related in any way to the initial entry”). Here, without the initial stop, the police would not have been in a position to arrest appellant pursuant to the warrant.
The Supreme Court of Missouri addressed a similar scenario in State v. Grayson, 336 S.W.3d 138 (Mo. 2011). In that case, Grayson was illegally stopped and detained. Id. at 146, 148. The court rejected the State’s argument that drug evi *680 dence nevertheless was properly admitted pursuant to the independent source doctrine:
As the United States Supreme Court noted in Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)], the purpose of the exclusionary rule is to ensure that “the prosecution is not to be put in a better position than it would have been if no illegality had transpired.” Id. at 443, 104 S.Ct. 2501. Conversely, the reason for the exceptions is to ensure that “the prosecution is not put in a worse position simply because of some earlier police error or misconduct.” Id.
Here, Officer Lambert obtained the bag of methamphetamine by taking advantage of the direct chain of events arising from the initial illegality perpetrated on Mr. Gray-son. Had Mr. Grayson not been detained while driving innocently and further detained after Officer Lambert ascertained that he was not Terry Reed, then Officer Lambert never would have been in a position to arrest Mr. Grayson and later discover the bag of methamphetamine while inspecting the patrol car’s backseat after transporting Mr. Grayson to jail. While the state may have properly arrested Mr. Grayson on the outstanding warrant at some point, it is not the arrest on the warrant but the conviction of possession of methamphetamine found in the patrol car some time after the arrest that is objected to here. Here, the “prosecution was put in a better position than it would have been if no illegality had transpired.” Nix, 467 U.S. at 443, 104 S.Ct. 2501.
Grayson, 336 S.W.3d at 150-151 (footnote and parallel citations omitted).
I agree with that analysis. I disagree with the conclusion of the Majority that, if the initial stop was illegal, the independent source doctrine would apply to prevent exclusion of the evidence.
I would apply the attenuation doctrine in this case. That is the rationale followed by the United States Supreme Court and the Maryland Court of Appeals in circumstances similar *681 to the facts of this case. See Strieff, 136 S.Ct. at 2061-63 (applying the attenuation doctrine and holding that “the evidence discovered on [defendant’s] person was admissible because the unlawful stop was sufficiently attenuated by the preexisting arrest warrant”); Cox v. State, 397 Md. 200, 212-22, 916 A.2d 311 (2007) (same); Myers v. State, 395 Md. 261, 285, 294, 909 A.2d 1048 (2006) (same).
Pursuant to the attenuation doctrine, the following facts must be considered:
First, we look to the “temporal proximity” between the unconstitutional conduct and the discovery of evidence to determine how closely the discovery of evidence followed the unconstitutional search. Second, we consider “the presence of intervening circumstances.” Third, and “particularly” significant, we examine “the purpose and flagrancy of the official misconduct.”
Strieff, 136 S.Ct. at 2062 (citations omitted).
In the present case, although the temporal proximity weighed in favor of suppression, the intervening circumstance of the valid arrest warrant and the lack of evidence of flagrant police misconduct weighs against suppression of the evidence seized. I would conclude, as did the Court of Appeals in Cox, 397 Md. at 220, 916 A.2d 311, that “the arrest pursuant to the outstanding warrant sufficiently attenuate^] any taint caused by the arguably illegal stop.” Accordingly, the gun and drug evidence discovered on appellant’s person should not have been suppressed.